■ HELEN C. FERRER, Respondent, v. FRANCIS P. FERRER, Appellant.— In an action by a wife for a judicial separation, in which a judgment in her favor (which had been entered July 2, 1954, directing the husband to pay to her $162.50 a week permanent alimony) was thereafter modified so as to increase said weekly amount to $200, commencing as of September 10, 1962 (see *Ferrer*

v. *Ferrer*, 20 A D 2d 548), the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated September 18, 1963, granting the wife's motion to adjudge him in contempt of court for failure to make such payments, as: (1) computed the amount of the arrears at $2,400; (2) directed payment by him of a fine in such amount; and (3) awarded plaintiff a $500 counsel fee for the services rendered by her attorneys upon such motion. Order modified: (a) by reducing to $2,125 the sum of $2,400 which is specified in its second, third, fourth, sixth and seventh decretal paragraphs as the amount of the arrears of alimony or the amount of the fine; (b) by amending its second decretal paragraph so as to specify May 9, 1963 instead of May 8, 1963 as the commencement date of the period of arrears; and (c) by reducing to $250 the counsel fee of $500 specified in its fifth decretal paragraph. As so modified, order, insofar as appealed from, affirmed, without costs. The payments of the fine and the counsel fees shall be made within five days after entry of the order hereon. The period for which arrears of alimony is sought is May 8, 1963 to July 24, 1963, a period of 11 weeks and 1 day. However, May 8, 1963 was included within the period embraced by a prior determination respecting arrears. Therefore, this motion is concerned with alimony for an 11-week period at the rate of $200 per week, or a total of $2,200. The plaintiff admitted receiving a payment of $75 on May 17, 1963 and failed to show any reason why this amount should not be credited against the amount due. Accordingly, the defendant may be deemed in default only for the sum of $2,125 for the 11-week period of May 9, 1963 to July 24, 1963, inclusive. The award of counsel fees of $500 was, in our opinion, excessive. The sum of $250 is more than adequate compensation for the services rendered on this routine application. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.